hYELVERTON, Judge.
The issue presented by this appeal is whether an insurer has a cause or right of action for unfair trade practices against a company which rendered services to its insured. The facts are not in dispute. A-l Nursing Registry, Inc. (A-l) provided health care services to Eleanor Landry from July 24, 1994, through November 1, 1994. Pursuant to an agreement dated July 29, 1994, Landry assigned all rights she had under any applicable insurance contract to A-l. Landry had a policy of insurance |2with United Teacher Associates Insurance Company (Teacher Associates) providing coverage for home health care services.
A-l submitted a claim to Teacher Associates for payment of the services rendered to Landry totaling $9,000. Teacher Associates refused payment. A-l then filed a petition for damages asking for $9,000 and penalties and attorney’s fees.
Teacher Associates filed an answer and reconventional demand. By its reconventional demand, Teacher Associates claims that A-l attempted to deprive it of certain sums of money through the use of unfair and deceptive methods, acts, and practices. It specifically claims that:
1. A-l attempted to collect insurance proceeds from Teacher Associates by preparing and submitting two sets of “original” handwritten progress notes for certain dates, reflecting different and conflicting activities and services allegedly rendered to or for Landry by two different individuals.
2. A-l refused to furnish Teacher Associates satisfactory explanations of why claims were being made on the basis of said contradictory daily notes under the names of entirely separate individuals on the grounds that Teacher Associates was scrutinizing the claims made by A-l more closely than it scrutinized the claims of others.
3. A-l charged the maximum daily policy limit regardless of the services actually rendered or the amount of time allegedly spent rendering such services.
4. A-l charged for time spent at Landry’s home after its night sitters had been relieved by Landry’s daytime sitters, resulting in an attempt to charge Teacher Associates for overlapping times for day and night sitters.
5. A-l charged for certified nurse’s aides to render alleged medical services which were not medical services but which were only custodial services not covered by Teacher Associates’ insurance policy. A-l continued to render these services to Landry and to attempt to charge for said services after having been informed by Teacher Associates that said services were not covered under the terms of the policy.
| ⅞A-l filed exceptions of no right of action and no cause of action. A hearing on the exceptions was held on September 11, 1995. The trial court granted the exceptions and dismissed the reconventional demand. Teacher Associates appeals.
EXCEPTIONS OF NO RIGHT OF ACTION AND NO CAUSE OF ACTION
The trial court found that La.R.S. 51:1409(A), which is part of the Louisiana Unfair Trade Practices and Consumer Pro *931 tection Law (LUTPA), confers a private right of action on both consumers and business competitors. It found that, because Teacher Associates was neither, it could not assert a private right of action under LUT-PA. The trial court further found that Teacher Associates could not sue as a representative of Landry.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993).
An action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.Code Civ.P. art. 927(5).
|4The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular ease has a legal interest in the subject matter of the litigation. (Citation and footnote omitted).
La, Paddlewheels v. La. Riverboat Gaming Commission, 94-2015, p. 4-5 (La.11/30/94), 646 So.2d 885, 888.
Pursuant to La.R.S. 51:1406(1), the provisions of the LUTPA do not apply to actions or transactions subject to the jurisdiction of the commissioner of insurance. La.R.S. 22:2(A)(1) provides that “It shall be the duty of the commissioner of insurance to administer the provisions of this code.” Teacher Associates refers to La.R.S. 22:1214 which defines unfair methods of competition and unfair or deceptive acts or practices in the business of insurance. La.R.S. 22:1214(13) lists as one of those acts or practices a fraudulent insurance act “committed by a person who knowingly and with intent to defraud presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker, or any agent thereof, ... a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which he knows to contain materially false information concerning any fact material thereto.”
Teacher Associates agrees that acts declared to be unfair or deceptive pursuant to La.R.S. 22:1214 fall under the jurisdiction of the commissioner of insurance pursuant to La.R.S. 22:1215. However, Teacher Associates argues that the commissioner of insurance shall have power to examine and investigate into the affairs of every person engaged in the business of insurance. It argues that A-l is not engaged in the business of insurance.
|5We agree. However, we are also mindful of La.R.S. 22:1243(A)(1) which provides:
A. Any person who, with the intent to injure, defraud, or deceive any insurance company, or any insured or other party in interest, or any third party claimant:
(1) Presents or causes to be presented any written or oral statement including computer-generated documents as part of or in support of or denial of a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim ...
We find that La.R.S. 22:1243(A)(1) specifically applies to the facts of the present case. A-l would meet the definition of “person” as defined by La.R.S. 22:5(6) of the Insurance Code. Teacher Associates’ petition alleges that A-l is guilty of insurance fraud which clearly falls within the jurisdiction of the commissioner of insurance. This action is exempt fimn the provisions of the LUTPA pursuant to La.R.S. 22:2. There is also no *932 provision in the Insurance Code for a private cause of action relating to insurance fraud. The trial court was correct in finding that Teacher Associates had no cause nor right of action.
A-l has answered the appeal claiming that the action filed by Teacher Associates was groundless and brought in bad faith or for the purposes of harassment. It alleges that it is therefore entitled to attorney’s fees and costs pursuant to La.R.S. 51:1409.
The issue of a groundless action was never presented to the trial court. “The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest |6of justice clearly requires otherwise.” Uniform Rules of Louisiana Courts of Appeal, Rule 1-3.
For the reasons expressed in this opinion, the judgment of the trial court is affirmed at United Teacher Associates Insurance Company’s cost.
AFFIRMED.